UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WASIM AHMED,<br><br>Plaintiff(s),<br><br>v.<br><br>REGINALD B. LUCAS; BCT, INC., a/k/a B CLEAN TRANSPORTATION, INC; and JOHN DOES 1-10, (owners of a commercial vehicle and/or cargo or lessors a commercial vehicle operated by Reginald Lucas that was involved in a November 6, 2019 crash in Elizabeth, New Jersey at or near 819 North Avenue East,<br><br>Defendants. | Civil Action No.:<br><br>Hon.<br><br>NOTICE OF REMOVAL |

TO:   CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

ON NOTICE TO:   Frank Lazzaro, Esq.
LUTZ, SHAFRANSKI, GORMAN & MAHONEY, P.A.
77 Livingston Avenue
P.O. Box 596
New Brunswick, New Jersey 08903

Clerk – Law Division
Superior Court of New Jersey
Middlesex County Courthouse
56 Patterson St.
New Brunswick, New Jersey 08903

**PLEASE TAKE NOTICE** that defendants Reginald B. Lucas and B Clean Transportation, Inc. d/b/a BCT, Inc. through their counsel, Tompkins, McGuire, Wachenfeld & Barry, LLP hereby remove this civil action pending in the Superior Court of New Jersey, Middlesex County, Law Division ("the State Court Action"), docket number MID-L-5686-21, pursuant to U.S.C. 28 §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1332, as amended, on the following grounds:

1. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 because the procedural requirements for removal are satisfied and because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

2. On September 29, 2021 Plaintiff commenced the State Court Action by filing a Complaint identified by Superior Court docket number MID-L-5686-21 ("Complaint") with the Deputy Clerk of the Superior Court, Middlesex County, New Jersey. (A true and exact copy of the Complaint is annexed as Exhibit **A**).

3. The Complaint names as defendants Reginald B. Lucas and BCT, Inc. a/k/a B Clean Transportation Inc.; both are citizens of Mississippi. (Exhibit **B**, police report). Various fictitious defendants' citizenship is disregarded for purposes of establishing diversity. *See* 28 U.S.C. § 1441(b)("[T]he citizenship of defendants sued under fictitious names shall be disregarded").

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Plaintiff's counsel has advised that defendant B. Clean Transportation, Inc. was served on November 3, 2021, less than 30 days ago. Defendant Lucas has not been served.

5. The United States District Court for the District of New Jersey embraces the locality in which the State Court Action is now pending and, thus, this Court is a proper forum for this action pursuant to 28 U.S.C. § 1441(a).

6. No previous application for removal has been made.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of New Jersey – Law Division, Middlesex County.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000 exclusive of costs and interest.

### A. Complete Diversity of Citizenship Exists.

#### 1. Plaintiff's Citizenship.

9. Plaintiff resides in Monmouth Junction, New Jersey. (Ex. **A**). *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)(for purposes of diversity jurisdiction, "[c]itizenship is synonymous with domicile …").

#### 2. Defendants' Citizenship.

10. Defendants are Mississippi citizens. Defendant Lucas resides in Mississippi. (Ex. **B**). Defendant B. Clean Transportation, Inc. is a Mississippi corporation with its principal place of business at 321 Lower Myrick Road, Laurel, Mississippi 39443. *See* https://corp.sos.ms.gov/corp/portal/c/page/corpBusinessIdSearch/portal.aspx# (accessed November 17, 2021). 28 U.S.C. § 1332(c)(1)(defining corporate citizenship).

**B. The Amount in Controversy Requirement is Satisfied.**

11. Defendants respectfully submit that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

12. This is a personal injury action involving a motor vehicle accident, wherein Plaintiff claims as follows:

> 3. As a direct and proximate result of the aforesaid negligence of the defendants, and each of them, the plaintiff sustained severe personal injuries, has and will suffer pain, has and will incur medical expense, and has and will be unable to engage in his usual occupation, duties, and activities all to his damage.

(Ex. A)

13. New Jersey state court practice does not permit plaintiffs to plead for damages in a specific amount. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). *See also* N.J.R.Civ.P. 4:5-2.

14. However, "courts have held that allegations of severe injuries along with pain and suffering will alert [the] defendant that an amount in excess of [the jurisdictional amount] is at issue." *Carroll v. United Air Lines, Inc.*, 7 F. Supp. 2d 516, 521 (D.N.J. 1998).

15. Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(B) the amount in controversy exceeds $75,000 for purposes of this application.

**C. The Unanimity Rule is Satisfied.**

16. Removal generally requires unanimity among the defendants that have been served with the Complaint. *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).

17. At this time, only one defendant has been served.

**D.      This Case Should be Assigned to the Newark Vicinage.**

18. Finally, Defendants submit that this matter should be assigned to this Court's Newark vicinage, since the accident in question occurred in Elizabeth, County. (Ex. **A**). L.Civ.R. 40.1(a) (allocation based on the residence of defendant, convenience of litigants, counsel and witnesses, and the place where the cause of action arose). *See also, Jennings v. Exelrod*, 2011 U.S. Dist. LEXIS 68820 (D.N.J. June 27, 2011)(Pisano)(plaintiff's residence is not a factor in determining allocation).

**WHEREFORE**, Defendants respectfully remove this action from the Superior Court of New Jersey to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

Respectfully submitted,

*s/ Jared P. DuVoisin*
Jared P. DuVoisin
**TOMPKINS, McGUIRE,**
**WACHENELD & BARRY, LLP**
3 Becker Farm Road, Suite 402
Roseland, New Jersey 07068
(973) 622-3000
jduvoisin@tompkinsmcguire.com

*Attorneys for Defendants*
*Reginald B. Lucas and*
*B Clean Transportation Inc. d/b/a BCT, Inc.*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Rule 11.2, the undersigned hereby certifies that there are no other related actions pending to the best of my knowledge, information and belief.

> *s/ Jared P. DuVoisin*
> Jared P. DuVoisin
> **TOMPKINS, McGUIRE,**
> **WACHENELD & BARRY, LLP**
> 3 Becker Farm Road, Suite 402
> Roseland, New Jersey 07068
> (973) 622-3000
> jduvoisin@tompkinsmcguire.com
>
> *Attorneys for Defendants*
> *Reginald B. Lucas and*
> *B Clean Transportation Inc. d/b/a BCT, Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that on this date, a Notice of Removal and filed with the Court and served on the following via the New Jersey State Judiciary electronic filing system:

>Frank Lazzaro, Esq.
>LUTZ, SHAFRANSKI, GORMAN & MAHONEY, P.A.
>77 Livingston Avenue
>P.O. Box 596
>New Brunswick, New Jersey 08903
>
>Clerk – Law Division
>Superior Court of New Jersey
>Middlesex County Courthouse
>56 Patterson St.
>New Brunswick, New Jersey 08903

*s/ Jared P. DuVoisin*

DATED:     November 17, 2021

# EXHIBIT A

LUTZ, SHAFRANSKI, GORMAN AND MAHONEY, P.A.
77 Livingston Avenue
P.O. Box 596
New Brunswick, New Jersey 08903
(732)249-0444
Attorney for Plaintiff(s)
Attorney Bar #023872006

| | |
|---|---|
| Plaintiff(s) WASIM AHMED<br><br>Vs.<br><br>Defendant(s) REGINALD B. LUCAS; BCT, INC. A/K/A B CLEAN TRANSPORTATION, INC.; and, JOHN DOES 1-10, (owners of a commercial vehicle and/or cargo or lessors a commercial vehicle operated by Reginald Lucas that was involved in a November 6, 2019 crash in Elizabeth, New Jersey at or near 819 North Avenue East) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MIDDLESEX COUNTY<br><br>DOCKET NO. MID-L-<br><br>Civil Action<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiff, Wasim Ahmed, residing at 16 Anderson Way, Monmouth Junction, New Jersey, complaining of the defendants, hereby alleges and says:

### FIRST COUNT

1. On or about November 6, 2019, the plaintiff was lawfully operating a vehicle in an eastbound direction on North Avenue East near an exit ramp in Elizabeth, New Jersey.

2. At the time and place aforesaid, the defendants, BCT, Inc. a/k/a B Clean Transportation, Inc., and/or John Does 1-10, were the owners of a motor vehicle which was carelessly and negligently operated by its agent, servant, employee and/or

LAW OFFICES
LUTZ SHAFRANSKI,
GORMAN & MAHONEY, P.A.
77 LIVINGSTON AVENUE
P.O. BOX 596
NEW BRUNSWICK, NJ 08903

representative, defendant, Reginald Lucas, as a result of which it struck the vehicle operated by the plaintiff.

3. As a direct and proximate result of the aforesaid negligence of the defendants, and each of them, the plaintiff sustained severe personal injuries, has and will suffer pain, has and will incur medical expense, and has and will be unable to engage in his usual occupation, duties, and activities all to his damage.

**WHEREFORE**, the plaintiff demands judgment against defendants, and each of them, for damages, interest, and costs of suit on the First Count.

## SECOND COUNT

1. Plaintiff repeats and reiterates each and every paragraph of the First Count as if fully set forth herein at length.

2. At all times relevant herein, defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, were motor vehicle carriers involved in interstate commerce, as defined by the Federal Carrier Motor Safety Act 49 CFR Parts 300-399, and/or motor carriers involved in intrastate commerce, as defined by N.J.A.C. 13:60-1.1, et seq.

3. At all times relevant herein, defendants, BCT, Inc. a/k/a B Clean Transportation, Inc., and/or John Does 1-10, were

LAW OFFICES
LUTZ, SHAFRANSKI,
GORMAN & MAHONEY, P.A.
77 LIVINGSTON AVENUE
P.O. BOX 596
NEW BRUNSWICK, NJ 08903

entities which do business in multiple states, including New Jersey.

4. At all times relevant herein, defendant, Reginald Lucas, acted within the scope of a statutory employee, servant and/or agent relationship with the defendants, BCT, Inc. a/k/a B Clean Transportation, Inc., and/or John Does 1-10.

5. Defendant, Reginald Lucas's, operation of the commercial vehicle in interstate and intrastate commerce is governed by the aforementioned statutes and he was negligent per se based on these statutory and regulatory violations.

6. Defendant, Reginald Lucas, violated state and federal statutes and regulations as applicable to both he as a commercial motor vehicle driver, and the regulated motor vehicle carriers noted herein.

7. Defendant, Reginald Lucas, was negligent per se based on these statutory violations.

8. As a direct and proximate result of the defendant, Reginald Lucas's, statutory violations, plaintiff sustained severe personal injuries, has and will suffer pain, has and will incur medical expenses, and has and will be unable to engage in his usual occupation, duties, and activities, all to his damage.

**WHEREFFORE**, the plaintiff demands judgment against the defendants, and each of them, for damages, interest and costs of suit on the Second Count.

LAW OFFICES
LUTZ, SHAFRANSKI,
GORMAN & MAHONEY, P.A.
77 LIVINGSTON AVENUE
PO BOX 596
NEW BRUNSWICK NJ 08903

## THIRD COUNT

1. Plaintiff repeats and reiterates each and every paragraph of the preceding Counts as if fully set forth herein at length.

2. Defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, had a duty to act reasonably in hiring, training, supervision, and retaining defendant, Reginald Lucas, and to entrust Reginald Lucas with the operation of a commercial motor vehicle and to promulgate and enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

3. Defendant, Reginald Lucas, was not competent to safely operate commercial vehicles at the beginning and throughout the course of employment with BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10.

4. Defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, negligently hired, failed to train, failed to supervise defendant Reginald Lucas as a commercial motor vehicle operator and were otherwise negligent by entrusting defendant Reginald Lucas with the operation of a commercial motor vehicle at its direction under its operative authority.

5. As a result of the negligence of defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, as

LAW OFFICES
LUTZ, SHAFRANSKI,
GORMAN & MAHONEY, P.A.
77 LIVINGSTON AVENUE
P.O. BOX 596
NEW BRUNSWICK NJ 08903

aforesaid, the plaintiff sustained severe personal injuries, has and will suffer pain, has and will incur medical expenses, and has and will be unable to engage in his usual occupation, duties, and activities, all to his damage.

**WHEREFORE**, the plaintiff demands damages against the defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, for damages, interest and costs of suit on the Third Count.

### FOURTH COUNT

1. Plaintiff repeats and reiterates each and every paragraph of the preceding Counts as if fully set forth at length herein.

2. Pursuant to the Federal Motor Carrier Safety Act, 49 CFR parts 300-399, specifically FMCSR Section 390.3 (e)(1), defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, were required to be knowledgeable of and comply with all regulations appliable to its operation.

3. Pursuant to the Federal Motor Carrier Safety Act, 49 CFR parts 300-399, specifically FMCR Section 390.3 (e)(1), defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, were required to instruct defendant Reginald Lucas, regarding all applicable regulations.

4. Pursuant to the Federal Motor Carrier Safety Act, 49CFR parts 300-399, specifically, FMCSR Section 390.13, defendants,

LAW OFFICES
LUTZ, SHAFRANSKI,
GORMAN & MAHONEY, P.A.
77 LIVINGSTON AVENUE
P.O. BOX 596
NEW BRUNSWICK, N.J. 08903

BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, were prohibited from aiding, abetting, encouraging or requiring, defendant, Reginald Lucas, to violate the applicable regulations.

5. The defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and John Does 1-10, violated and encouraged defendant Reginald Lucas to violate state and federal statutes and regulations and fostered an environment that created, allowed, and encouraged a systematic violation of state and federal statutes and regulations including, but not limited to, the Federal Motor Carrier Safety Act.

6. As a direct and proximate result of defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, actions/inactions as aforesaid, the plaintiff sustained severe personal injuries, has and will suffer pain, has and will incur medical expenses, and has and will be unable to engage in his usual occupation, duties and activities, all to his damage.

**WHEREFORE**, the plaintiff demands judgment against the defendants, BCT, Inc. a/k/a B Clean Transportation, Inc. and/or John Does 1-10, for damages, interest and costs of suit on the Fourth Count.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury as to all issues in the within Complaint.

LAW OFFICES
LUTZ, SHAFRANSKI
GORMAN & MAHONEY P A
77 LIVINGSTON AVENUE
PO BOX 596
NEW BRUNSWICK NJ 08903

**DESIGNATION OF TRIAL COUNSEL**

In accordance with R. 4:25-4, **Frank Lazzaro, Esq.**, is hereby designated at trial counsel in the within matter.

**CERTIFICATION PURSUANT TO R: 4:5-1**

The matter in controversy in this case is not, to the best of my knowledge, the subject of any other action pending in any Court or pending Arbitration proceeding, nor is any action or Arbitration contemplated at this time. I am not aware of any other parties who should be joined in this action at the present time.

The undersigned hereby certifies and this Complaint contains no personal confidential identifiers and that the undersigned recognizes the responsibility to ensure the same as to subsequent proceedings.

                                        LUTZ, SHAFRANSKI, GORMAN and
                                        MAHONEY, P.A.

BY: _____
      FRANK LAZZARO, ESQ.
      Attorneys for Plaintiff(s).

DATED: September 29, 2021

LAW OFFICES
LUTZ, SHAFRANSKI,
GORMAN & MAHONEY, P.A.
77 LIVINGSTON AVENUE
P.O. BOX 596
NEW BRUNSWICK, NJ 08903

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-005686-21

**Case Caption:** AHMED WASIM VS LUCAS REGINALD
**Case Initiation Date:** 09/29/2021
**Attorney Name:** FRANK T LAZZARO
**Firm Name:** LUTZ SHAFRANSKI GORMAN & MAHONEY, PA
**Address:** 77 LIVINGSTON AVE P.O. BOX 596 NEW BRUNSWICK NJ 08903
**Phone:** 7322490444
**Name of Party:** PLAINTIFF : Ahmed, Wasim
**Name of Defendant's Primary Insurance Company (if known):** National Liability Fire

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Wasim Ahmed?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

09/29/2021
Dated

/s/ FRANK T LAZZARO
Signed

# EXHIBIT B

04/14/20  12:20:41  Allstate_RFC          -> PARAMOUNT INSURANCE  Allstate Insurance C  Page 032

| | Vehicle 1 | Vehicle 2 |
|---|---|---|
| Crash Number | 19-165084 | |
| Crash Occurred at | 819 North Avenue East | |
| Speed Limit | 25 | |
| Police Dept. | Elizabeth | |
| Code | 01 | |
| Date of Crash | 11/06/19 | |
| Time | 17:52 | |
| Driver | Reginald B Lucas (M) | Wasim Ahmed (M) |
| Address | 445 West Lone Pilgram ROA, Forest, MS 39074 | 16 Anderson Way, Monmouth Jct, NJ 08852-2752 |
| DL State | MS | NJ |
| DOB | 10/06/74 | 03/01/81 |
| Owner | INC, 86 Don Curt Rd, Laurel, MS 39440-5430 | |
| Make | PTRB | HON |
| Model | TR | CIV |
| Color | Blk | BK |
| Year | 201 | 15 |
| Plate No. | A442363 | Y78LFZ |
| State | MS | NJ |
| Expires | 11/19 | 06/20 |
| VIN | 1XPXD49X8JD476158 | 19XFB2F59FE701882 |
| USDOT | 2375254 | |
| ICC/MX | 815247 | |

Occupants:

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Name & Address |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | 1 | 01 | 01 | 05 | 46 | M | — | — | 1 | 11 | 11 | — | — | Lucas, Reginald-445 West Lone Pilgram ROA, Forest, MS 39074 |
| B | 2 | 01 | 01 | 05 | 58 | M | — | — | 1 | 11 | 11 | — | — | Ahmed, Wasim-16 Anderson Way, Monmouth Jct, NJ 08852-2752 |
| C | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | |

NJTR-1 (Rev. 01/17)

04/14/20  12:21:15  Allstate_RFC          -> PARAMOUNT INSURANCE  Allstate Insurance C  Page 033

## Crash Investigation Report

19-165084 — Page 2 of 1

| | 03 | 04 | 05 | 06 | 07 | 08 | 09 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| E | — | — | — | — | — | — | — | — | — | — | — | — | — | |
| F | — | — | — | — | — | — | — | — | — | — | — | — | — | |
| G | — | — | — | — | — | — | — | — | — | — | — | — | — | |
| H | — | — | — | — | — | — | — | — | — | — | — | — | — | |
| I | — | — | — | — | — | — | — | — | — | — | — | — | — | |
| J | — | — | — | — | — | — | — | — | — | — | — | — | — | |

*Not To Scale*   [North Avenue East]

(McDonalds) 819 North Ave East

### 145. Crash Description/Narrative

Driver 1 stated while attempting to exited the jug handle next to 819 North Avenue East (McDonald's) he was exiting into the left lane when he observed V2 cross over from the middle lane onto the left lane causing him to strike the front driver side door of V2.

Driver 2 stated while traveling eastbound on North Avenue East, he was traveling in the left lane when he observed V1 exit the jug handle located next to 819 North Avenue East. V2 further stated V1 proceeded through the jug handle and subsequently struck the front driver side door of his vehicle.

V1 Trailer Information:
Registration TLR44036T
EXP 04/2020
VIN 1UYVS2534J6302325
TOC # 1034567424
DECAL # 9TL R44036T

146. Officer's Signature: Toro, Michael: PO T931

147. Badge # | 148. Reviewer | Badge # | 149. Case Status ☐ Pending ☒ Complete

NJTR-1 (Rev. 01/17)